UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAHAVA NEZRI, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>   -v-<br><br>LAW OFFICES OF ROSS GELFAND, LLC, ROSS GELFAND, and JOHN DOES 1-25,<br><br>      Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

  Plaintiff, ZAHAVA NEZRI (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Marcus Law, LLC, against Defendant THE LAW OFFICES OF ROSS GELFAND, LLC and ROSS GELFAND (hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking

1

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant, Law Offices of Ross Gelfand, LLC is a law firm that focuses on debt collection with its principal office located at 1265 Minhinette Drive, Suite 150, Roswell, Georgia 30075.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant, Ross Gelfand, Esq. (hereinafter "RGelfand") is a natural person who runs the Law Offices of Ross Gelfand, LLC, and works out of 1265 Minhinette Drive, Suite 150, Roswell, Georgia 30075.

10. Defendants are "debt collectors," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following New York consumer class (the "Class"):

    - All New York consumers who were sent collection letters and/or notice from Defendant attempting to collect an obligation owed to or allegedly owed to American Honda Finance Corporation ("AHFC"), that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

    - The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

3

    a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to December 8, 2014, an obligation was allegedly incurred to American Honda Finance Corporation. ("AHFC")

15. The AHFC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged AHFC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. AHFC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendants contend that the AHFC debt is past due.

19. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

20. AHFC directly or through an intermediary contracted Defendants to collect the AHFC debt.

21. On or about December 8, 2014, the Defendants caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged AHFC debt. *See* **Exhibit A.**

22. The December 8, 2014 letter was sent or caused to be sent by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The December 8, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The December 8, 2014 letter was sent on legal letterhead and came from a law office.

25. The Defendants' December 8, 2014 letter states in part:

    "WRITER'S EMAIL: rgelfand@rgelfand.net"

    "This letter is to inform you that since we have had no correspondence with you since our previous communication, we are currently reviewing this matter with our client and considering all available options at this time."

26. The least sophisticated consumer would read the above statement and imply that an attorney with the Law Offices of Ross Gelfand, LLC, specifically the writer Ross Gelfand, Esq., reviewed and is currently reviewing the file.

27. Said letter further states:

    "At this time no attorney with this firm has personally reviewed the particular circumstances of your account."

28. Said statement would only confuse the least sophisticated consumer after they previously were told that the writer of the letter, Ross Gelfand, Esq., is currently reviewing this matter and considering all available options.

29. Said letter further states:

6

"Please be advised that you may conclude this matter and avoid the possible accrual of additional interest by paying the balance above-mentioned no later than ten (10) days from receipt of this correspondence."

30. The least sophisticated consumer would construe the above statement to imply that if she does not pay this alleged debt no later than ten (10) days from receipt of Defendant's December 8, 2014 correspondence, that the balance due may increase due to additional interest charges.

31. Upon information and belief, the Defendants had neither legal right nor intention to add interest to the alleged debt.

32. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

33. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692*e et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

7

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10).

36. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Pursuant to 15 U.S.C. § 1692e(10), a debt collector may not use false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38. The Defendant violated said sections by misleading the Plaintiff by falsely representing that interest or other charges may be added to the consumer's stated balance. When in fact, the debt would never vary from the date of issuance due to interest or other charges.

39. The Defendant further violated said section by deceiving the consumer into believing that an attorney reviewed the file.

40. Pursuant to 15 U.S.C. § 1692e(5), a debt collector may not make false threats to take any action that cannot legally be taken or that is not intended to be taken.

41. The Defendant violated said section by falsely suggesting that the Defendant might increase the amount owed, when Defendant had no legal or contractual right to increase the amount owed.

42. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and Ari Marcus, Esq., as Class Counsel;

      (b)     Awarding Plaintiff and the Class statutory damages;

      (c)     Awarding Plaintiff and the Class actual damages;

      (d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      (e)     Awarding pre-judgment interest and post-judgment interest; and

      (f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 18, 2015

*/s/ Ari Marcus*
Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 660-8169 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  March 18, 2015

*/s/ Ari Marcus*
Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration

or administrative proceeding.


Dated: March 18, 2015	*/s/ Ari Marcus*
	Ari Marcus, Esq.